Nov. Term,
1847.

TROTH and Another *v.* HUNT.

TROTH
v.
HUNT.

The assignee of a second mortgage filed a bill of foreclosure, making *B.*, the assignee of the first mortgage, one of the defendants. *B.* answered, praying for a sale of the mortgaged premises and for a priority of payment. *Held*, that, in case of a sale, *B.* should be first paid.

8b 580
127 156

Where a mechanic's lien accrues on premises previously mortgaged, the mortgage must be first satisfied.

*Thursday,*
*February* 24,
1848.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—*H.* and *S. F. Troth* filed a bill in chancery, in *April*, 1841, against *Close* and others. The bill states, 1. That *Close* and wife, two of the defendants, on the 30th of *March*, 1840, executed to one *Brower* a mortgage on two lots of ground in *Lawrenceburgh*, to secure the payment of certain notes, and that *Brower* had assigned the notes, and delivered the mortgage, to the complainants; 2. That previously to the execution of said mortgage, viz., on the 15th of *November*, 1839, *Close* and wife executed a mortgage to one *Gregg* on the said lots, to secure the payment of certain notes; 3. That *Hunt* claimed a mechanic's lien on the lots (the date of the lien is not stated); 4. That there were on the lots various other incumbrances (which are described in the bill) of a later date than the above-mentioned mortgages. The bill prays that an account be taken of what is due on the incumbrances, and that on default of payment within a certain time, the lots be sold, &c.

As to all the defendants except *Hunt*, the bill was taken as confessed.

*Hunt*, in his answer, admits the execution of the mortgage to *Brower;* he claims a mechanic's lien on the lots for materials furnished to *Close* for a house, saying that *Close* gave him a note dated the 1st of *September*, 1840, for the price of the materials; he states that he is the assignee of the notes and mortgage mentioned in the bill, which were given by *Close* and wife to *Gregg;* and he prays that the premises be sold, and that he be first paid.

The cause was submitted to the Court on the bill and *Hunt's* answer.

There was a final decree for the complainants,—giving, however, in case of a sale of the lots, a preference in pay-

ment to the mortgage held by *Hunt* and the mechanic's lien claimed by him, over the mortgage held by the complainants.

The complainants are the plaintiffs in error.

The mortgage assigned to *Hunt* being the oldest lien, was entitled, in case of a sale, to be first paid. *Hunt* says in his answer that *Close* gave him a note, dated the 1st of *September*, 1840, for the price of the materials for which the mechanic's lien is claimed; and that is all the information we have as to the date of that lien. The mortgage held by the complainants is dated the 30th of *March*, 1840. The mechanic's lien, therefore (supposing there was one, and that it could be enforced), must be considered to be younger than the mortgage held by the complainants. That being so, the last-named mortgage has a priority over the mechanic's lien. *Close et al.* v. *Hunt* (ante, 254). Whether the mechanic's lien is well founded, or can be enforced, we give no opinion.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*P. L. Spooner* and *J. Ryman*, for the plaintiffs.

*J. T. Brown* and *E. Dumont*, for the defendant.